(*) HAMLIN & *al. versus* OTIS.

Commissioners, appointed by Court to make partition of lands upon several petitions pending between different parties, under an agreement by all concerned, that certain extra services connected with the partition should be

---

Hamlin *v.* Otis.

---

rendered by them, cannot maintain suit for their services against one alone of all the parties.

Where such an agreement provided, that the commissioners should apportion among all the parties all expenses under the commission, they cannot recover for their services until such apportionment be made.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT.

The inhabitants of Dedham, formerly township No. 8, had petitioned for a location of public lots.

Several individuals had petitioned for partition of lands.

On some other petitions, for partition, judgments had been entered, and upon those judgments the original *petitioners* had applied for reviews.

Upon two other petitions, judgments had been entered, and the *respondents* therein had petitioned for reviews.

In these two last named cases, this defendant and others were the original petitioners, and are the respondents in the applications for review.

All the foregoing processes related to lands in Dedham. All the parties above referred to entered into a written agreement, that the Court should appoint the present plaintiffs to be commissioners thereon; with directions and power *to* locate the public lots; *to* make partitions; *to* render divers specified duties connected with such partitions; "*to* apportion the cost and charges (of executing the commission) among the several parties as they should deem just and equitable;" and *to* make report of their doings to the Court.

The plaintiffs were accordingly appointed and acted as commissioners, and returned the reports of their doings to the Court, which reports are yet pending, never having been accepted. The case does not show, that the commissioners made any apportionment of the expenses.

This is an action brought jointly by the commissioners to recover compensation for their services rendered under the commission; and is brought against one only of the parties to said agreement.

The case was submitted to the Court for default or nonsuit, as the law may require.

*T. Robinson,* for the plaintiffs.

*J. A. Peters,* for the defendants.

TENNEY, J. — By the agreement, which makes a part of the case, the plaintiffs were appointed commissioners by the several parties to divers petitions for partition, and for reviews of divers other cases of petition for partition, the petitions being pending in Court, to perform certain services, under these petitions, and by virtue of the statute applicable to the subject. The plaintiffs acted and returned the reports, which have not been accepted. This suit is for the recovery of compensation for the services rendered by them under the agreement. Whether the plaintiffs did all which was designed under the agreement, or not, does not appear. Whether so much was done by them as was sufficient to enable the Court to make a final disposition of the subjects submitted to them, cannot be known so long as the reports are not accepted. Consequently there is one uncertainty at least, of a right in the plaintiffs to maintain any action, in their names jointly, or severally, against one or all the parties to the agreement.

It is deemed quite clear, that one only of the many parties named in the petitions cannot be legally bound to pay all the costs, attending the execution of the commission, provided that every thing has been done by the commissioners, which they undertook. The parties to the agreement, did not understand that this expense could fall upon one of them entirely, so that the plaintiffs could recover of that one, and turn him over to his actions against the others for contribution. *Abbott* v. *Butman,* 2 Greenl. 361. The agreement gives the power to the commissioners to apportion the costs and charges, which should arise under the commission, among the various parties as they should deem just and equitable. Until this apportionment is made, the plaintiffs have omitted a duty which devolved upon them under the agreement. One party is under no liability to the plaintiffs, till they have determined the proportion which should fall upon him, in justice and equity, and given him notice thereof. The case does not

find that this has been done or attempted, and consequently he has been guilty of no neglect, and has broken no promise made by him. Other grounds of defence, it is not necessary now to consider further. .*Plaintiffs nonsuit.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.